**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOEL SOL,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 3:23-cv-606** |
| **v.** | § | |
| | § | **ECF** |
| **CITY OF DALLAS, TEXAS,** | § | |
| | § | |
| **Defendant.** | § | |

---

**DEFENDANT CITY OF DALLAS'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

---

# TABLE OF CONTENTS

SUMMARY OF THE ARGUMENT ................................................................. 1

BACKGROUND ..................................................................................... 1

ARGUMENTS & AUTHORITIES .................................................................. 3

I.   Applicable legal standards for Rule 12(b)(6) motions. ............................... 3

II.  Plaintiff's discrimination claim brought pursuant to GINA should be dismissed
     because it is not facially plausible. ................................................... 5

     A.   Plaintiff has not alleged that the information at issue was "genetic information"
          under GINA. ...................................................................... 6

     B.   Because Plaintiff alleges a manifested disease, Plaintiff cannot state a claim under
          GINA. .............................................................................. 8

     C.   Plaintiff fails to adequately allege that the City refused to hire him because of his
          genetic information. .............................................................. 9

III. Plaintiff's discrimination claim brought under the ADA should be dismissed because it is
     not facially plausible. ................................................................ 10

     A.   Plaintiff has failed to allege that he is disabled, as required by the ADA. ............... 11

     B.   Plaintiff has failed to allege that he is a "qualified individual" under the ADA. ....... 12

     C.   Plaintiff has failed to allege that the City did not hire him because of his alleged
          disability. ........................................................................ 14

     D.   To the extent that Plaintiff alleges the City failed to accommodate him, Plaintiff
          failed to allege that the City had notice of Plaintiff's disability and request for
          accommodation and that the City failed to accommodate Plaintiff. ...................... 15

IV.  Plaintiff's discrimination claim brought under Title VII should be dismissed because it .... 16

     A.   Plaintiff has failed to adequately allege that he was qualified for the position. ........ 17

     B.   Plaintiff has failed to allege that someone outside of his protected class was hired
          instead, or that similarly situated employees were treated more favorably. ............. 17

CONCLUSION ..................................................................................... 18

ii

# TABLE OF AUTHORITIES

**Cases**

*Albertson's, Inc. v. Kelkenberg,*
   527 U.S. 555 (1999) ........................................................................................................ 11

*Alkhawaldeh v. Dow Chem. Co.,*
   851 F.3d 422 (5th Cir. 2017) ........................................................................................ 18

*Allen v. Verizon Wireless,*
   No. 12-482, 2013 WL 2467923 (D. Conn. June 6, 2013) ............................................ 7

*Amedee v. Shell Chem., L.P.,*
   953 F.3d 831 (5th Cir. 2020) ........................................................................................ 15

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ................................................................................................ 3, 4, 5

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ................................................................................................ 4, 10

*Belmonte v. City of Dallas, Tex.,*
   No. 3:19-CV-2656-G-BK, 2021 WL 1903707 (N.D. Tex. Feb. 9, 2021) .................... 16

*Bragdon v. Abbott,*
   524 U.S. 624 (1998) ...................................................................................................... 11

*Bryan v. McKinsey & Co.,*
   375 F.3d 358 (5th Cir. 2004) ........................................................................................ 17

*Canavan v. City of El Paso,*
   No. EP-09-CV-043-KC, 2010 WL 11601100 (W.D. Tex. July 14, 2010) .................... 13

*Chhim v. Univ. of Tex. at Austin,*
   836 F.3d 467 (5th Cir. 2016) .................................................................................. 10, 17

*Clark v. EY,*
   No. 3:21-cv-1105, 2021 WL 4046736 (N.D. Tex. Aug. 18, 2021) .............................. 10

*Coleman v. Saul,* No. 3:19-CV-2198-K-BT,
   2021 WL 1117167 (N.D. Tex. Mar. 24, 2021) ............................................................ 15

*Conley v. Gibson,*
   355 U.S. 41 (1957) .......................................................................................................... 4

*Dabrowski v. Mayorkas,*
   19-cv-3679, 2022 WL 715216 (D.D.C. Mar. 10, 2022) ................................................ 7

*Duignan v. City of Chicago,*
   275 F. Supp. 3d 933 (N.D. Ill. 2017) ............................................................................ 9

*Dumas v. Hurley Med. Ctr.,*
   837 F. Supp. 2d 655 (E.D. Mich. 2011) ........................................................................ 9

*Feist v. La., Dep't of Justice, Office of the Attorney Gen.,*
   730 F.3d 450 (5th Cir. 2013) ........................................................................................ 15

*Fernandez-Montes v. Allied Pilots Ass'n,*
   987 F.2d 278 (5th Cir. 1993) .......................................................................................... 4

*Finch v. Tex. Health and Human Srvs Comm'n,* No. H–13–3716,
   2015 WL 5674834 (S.D. Tex. Sept. 25, 2015) ............................................................ 17

*Foreman v. Babcock & Wilcox Co.,*
   117 F.3d 800 (5th Cir.1997) .................................................................................. 12, 13

*Garcia v. Gloor,*
   618 F.2d 264 (5th Cir. 1980) ........................................................................................ 16

*Gillie v. La. Dep't of State Civil Serv.,*
   559 F. App'x 333 (5th Cir. 2014) ................................................................................ 17

*Green v. Whataburger Rests. LLC,* No. 5:17–CV–243–DAE,
   2018 WL 6252532 (W.D. Tex. Feb. 22, 2018) .............................................................. 9

*Hale v. King*,
  642 F.3d 492 (5th Cir. 2011) ............................................................................... 12

*Henry v. Cont'l Airlines*,
  415 F. App'x 537 (5th Cir.2011) .......................................................................... 15

*In re Katrina Canal Breaches Litig.*,
  495 F.3d 191 (5th Cir. 2007) ................................................................................. 3

*Iwaniszek v. Pride Transp. Inc.*, No. 2:17-cv-02918-JCM-PAL,
  2019 WL 609631 (D. Nev. Feb. 13, 2019) ............................................................ 9

*Jackson v. Procunier*,
  789 F.2d 307 (5th Cir. 1986) ................................................................................. 3

*Johnson v. Parkwood Behavioral Health Sys.*,
  551 Fed. Appx. 753 (5th Cir. 2014) ..................................................................... 15

*Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*,
  677 F.2d 1045 (5th Cir. 1982) ............................................................................... 4

*Lee v. Kansas City S. Ry. Co.*,
  574 F.3d 253 (5th Cir. 2009) ............................................................................... 18

*Leone v. North Jersey Orthopaedic Specialists*,
  No. 11-3957, 2012 WL 1535198 (D. N. J. Apr. 27, 2012) ................................... 10

*Loulseged v. Akzo Nobel Inc.*,
  178 F.3d 731 (5th Cir. 1999) ............................................................................... 15

*Luedecke v. Tenet Healthcare Corp.*,
  No. 3:14-cv-1582, 2015 WL 58733(N.D. Tex. Jan. 5, 2015) ............................... 12

*Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*,
  369 F.3d 464 (5th Cir. 2004) ................................................................................. 3

*McDonnell Douglas Corp. v. Green*,
  411 U.S. 792 (1973) ............................................................................................. 16

*Mir v. L-3 Communications Integrated Sys., L.P.*,
  No. 3:15-CV-2766-L, 2017 WL 5177118 (N.D. Tex. Nov. 8, 2017) ................... 14

*Mitchell v. Crescent River Port Pilots Ass'n.*,
  265 F. App'x 363 (5th Cir. 2008) ........................................................................ 17

*Neely v. PSEG Texas, Ltd. P'ship*,
  735 F.3d 242 (5th Cir. 2013) ............................................................................... 10

*Olumuyiwa v. City of Dallas*, No. 3:11–CV–2028–M (BF),
  2011 WL 7070989 (N.D. Tex. Dec. 29, 2011) ..................................................... 14

*Ortiz v. City of San Antonio Fire Dep't*,
  806 F.3d 822 (5th Cir. 2015) ................................................................................. 8

*Papasan v. Allain*,
  478 U.S. 265 (1986) ............................................................................................... 4

*Patton v. Jacobs Eng'g Group, Inc.*,
  874 F.3d 437 (5th Cir. 2017) ............................................................................... 16

*Poore v. Peterbilt of Bristol, L.L.C.*,
  852 F. Supp. 2d 727 (W.D. Va. 2012) ............................................................... 5, 7

*Puente v. Ridge*,
  324 F. App'x 423 (5th Cir. 2009) ........................................................................ 17

*Raj v. Louisiana State Univ.*,
  714 F.3d 322 (5th Cir. 2013) ............................................................................... 18

*Sandstad v. CB Richard Ellis, Inc.*,
  309 F.3d 893 (5th Cir.2002) ................................................................................ 16

*Siddiqui v. AutoZone W., Inc.*,
  731 F. Supp. 2d 639 (N.D. Tex. 2010) ................................................................ 16

*Smith v. Donahoe*,
  917 F. Supp. 2d 562 (E.D. Va. 2013) .................................................................... 9

iv

*Steele v. Stallion Rockies Ltd*,
    106 F. Supp. 3d 1205 (D. Colo. 2015) ................................................................. 5
*Taylor v. Principal Fin. Group, Inc.*,
    93 F.3d 155 (5th Cir. 1996) ............................................................................... 16
*Teague v. Williamson Cnty*, No. 1:18-CV-1098-RP,
    2020 WL 2542869 (W.D. Tex. May 19, 2020) ..................................................... 14
*Tedesco v. Pearson Educ., Inc.*,
    21-cv-199, 2021 WL 2291148 (E.D. La. June 4, 2021) ...................................... 6, 7
*Toyota Motor Mfg., Ky., Inc. v. Williams*,
    534 U.S. 184 (2002) .......................................................................................... 11
*Waldrip v. Gen. Elec. Co.*,
    325 F.3d 652 (5th Cir. 2003) ............................................................................. 11
*Washington v. U.S. Dep't of Hous. & Urban Dev.*,
    953 F. Supp. 762 (N.D. Tex. 1996) ...................................................................... 3
*West v. Nabors Drilling USA, Inc.*,
    330 F.3d 379 (5th Cir.2003) ............................................................................. 16

**Statutes**
42 U.S.C. § 12102 ................................................................................................... 11
42 U.S.C. § 12111(8) ............................................................................................... 13
42 U.S.C. § 2000ff-1(4)(A) .................................................................................... 5, 6
42 U.S.C. § 2000ff-1(a) ............................................................................................. 5
42 U.S.C. § 2000ff-1(b) ............................................................................................. 5
42 U.S.C. § 2000ff-9 ................................................................................................. 9
42 U.S.C. § 2000ff-9.3 .............................................................................................. 8
42 U.S.C.A. § 12111 ............................................................................................... 12
H.R. Rep. No. 110-28, pt. 2, at 27 (2007), 2008 U.S.C.C.A.N. 101, 105–06) ............ 7
H.R. Rep. No. 110–28, pt. 3, at 70 (2007), 2008 U.S.C.C.A.N. 112, 141) .................. 5

**Rules**
29 C.F.R. § 1630.2(j) (2001) ................................................................................... 11
29 C.F.R. §§ 1630.2(j)(2)(i)-(iii) .............................................................................. 11
Fed. R. Civ. P. 12(b)(6) ............................................................................................. 3
Fed. R. Civ. P. 8(a)(2) ............................................................................................... 5

**Regulations**
29 C.F.R. § 1630, App. Background (1996) ............................................................... 12
75 Fed. Reg. 68917 .................................................................................................... 8
Regulations Under the Genetic Information Nondiscrimination Act of 2008, 75 Fed. Reg. 68912-01
    (Nov. 9, 2010) ....................................................................................................... 5

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant City of Dallas (the "City") respectfully files this Motion to Dismiss the Original Complaint ("Complaint") filed by Plaintiff Joel Sol ("Plaintiff"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SUMMARY OF THE ARGUMENT

On March 20, 2023, Plaintiff filed his Complaint ("Compl.") against the City, and on March 28, 2023, the City was served with summons. Plaintiff brings three causes of action against the City arising from his application for employment with the Dallas Police Department, including: (1) a claim for discrimination under the Genetic Information Nondiscrimination Act of 2008 ("GINA"), 42 U.S.C. § 2000ff-1(a); (2) a claim for disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*; and (3) a claim for national origin discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq*. The City moves to dismiss Plaintiff's entire Complaint for failure to state a claim upon which relief can be granted.

Plaintiff's GINA, ADA, and Title VII claims should be dismissed because Plaintiff fails to plead facts supporting all of the required elements of these claims.

## BACKGROUND[1]

According to Plaintiff's Complaint, on or around June 22, 2021, Plaintiff applied for a peace officer position with the Dallas Police Department. (Compl. ¶ 9.) Plaintiff alleges that he was notified that he had the requisite education and experience to take the Police Officer Trainee exam for the Fiscal Year 2021 Quarter 3 position (*id.* ¶ 10), completed a Dallas Police Application Personal History Statement, Dallas Police Department Preliminary Interview Form, and an Employment Application (*id.* ¶ 11), and learned that he successfully completed the physical test component (*id.*

---

[1] The allegations in Plaintiff's Complaint must be taken as true for purposes of this motion. The City does not agree with the Plaintiff's factual allegations, but recites these allegations to provide the Court context and the essential background facts giving rise to Plaintiff's claims. The City reserves its right to challenge Plaintiff's factual allegations at the appropriate time.

¶12). Plaintiff alleges that on July 24, 2021, he passed the Application Interview, and on or around August 21, 2021, Plaintiff passed the polygraph. (*Id.*)

Plaintiff alleges that on November 12, 2021, he took the written component of his psychological exam (*id.* ¶ 13) and was subsequently scheduled for an interview with a therapist as part of the hiring process (*id.* ¶ 14). Plaintiff alleges that, during the interview, the therapist asked Plaintiff about any disabilities or conditions from his military service. (*Compl.* ¶ 15.) Plaintiff alleges that he has a total disability rating from the Department of Veteran's Affairs ("VA") of 100%, and a lower percentage disability rating due to physical conditions, including TMJ, cervical strain, left shoulder strain, right shoulder strain, and tinnitus, among other conditions (*id.* ¶ 15), but that he explained to the therapist that he was not medically discharged, but rather honorably discharged, and that he finished his contract and military duty (*id.* ¶ 16). Plaintiff alleges that he informed the therapist that he took anti-depressants. (*Id.* ¶ 18.) Plaintiff alleges that, when asked about history of family illness, Plaintiff informed the therapist that Plaintiff's brother suffered with PTSD from his military service and that the condition was service related. (*Id.* ¶ 19.) At no time did Plaintiff allege that the therapist believed that he was requesting genetic information from Plaintiff. (*See generally id.*) Plaintiff alleges that he has been diagnosed with anxiety disorder and depression. (*Id.* ¶ 20.)

Plaintiff alleges that the therapist indicated that Plaintiff passed the psychology test but the score that Plaintiff received was "too high" (*id.* ¶ 21) and that the therapist explained that the test was developed in a way that indicated untruthfulness if the score was "too high" (*Compl.* ¶ 21). The therapist explained that Plaintiff needed to take the psychological exam again because Plaintiff's score was "too high." (*Id.* ¶ 22.)

Plaintiff told the therapist that he had some questions about the test because there were "a few confusing words in the questions." (*Id.* ¶ 22.) Plaintiff alleges that the therapist agreed that some of the words on the test are complicated, and asked whether Spanish was Plaintiff's first language.

Plaintiff replied that Spanish was his first language but stated that he was also fully fluent in English. (*Id.* ¶ 23.) Plaintiff alleges in the complaint that "the therapist assumed that Plaintiff's score on the test or confusion regarding some words on the test stemmed from Plaintiff's Puerto Rican background or ability to speak Spanish," (*id.* ¶ 23); however, Plaintiff does not allege why he believes the therapist made that assumption or, even, that the therapist knew that Plaintiff had a Puerto Rican background (*see generally id.*) Plaintiff alleges that the therapist offered Plaintiff the opportunity to retake the test in Spanish but does not allege whether he retook the test in Spanish. (*Id.* ¶ 24.)

Plaintiff alleges that he retook the psychological test later and learned that the therapist had failed Plaintiff. (*Id.* ¶ 25.) Plaintiff now alleges that he was not hired due to his nationality and VA disability rating. (*Id.* ¶ 26.)

## ARGUMENTS & AUTHORITIES

**I.      Applicable legal standards for Rule 12(b)(6) motions.**

Rule 12(b)(6) provides for dismissal of a claim if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986). A complaint will be dismissed under Federal Rule of Civil Procedure Rule 12(b)(6) if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Washington v. U.S. Dep't of Hous. & Urban Dev.*, 953 F. Supp. 762, 768 (N.D. Tex. 1996). The allegations contained in the complaint are to be construed in the plaintiff's favor and all well-pleaded facts are to be accepted as true. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, conclusory allegations and legal conclusions couched as factual allegations are not to be accorded a presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (recognizing that "the tenet that a court must accept as true all of

the allegations contained in a complaint is inapplicable to legal conclusions"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) ("Although we must accept as true the well-pleaded allegations of a complaint [. . . ], we do not accept as true conclusory allegations in the complaint"); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (legal conclusions masquerading as factual assertions are insufficient to prevent dismissal for failure to state a claim). While the complaint need not contain "detailed factual allegations," the plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Therefore, and critically, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555).

Furthermore, the alleged facts must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555 (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). Thus, to survive a motion to dismiss made pursuant to Rule 12, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). If a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* (internal quotation marks and citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (applying Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing the pleader is entitled to relief[]")).

II.     **Plaintiff's discrimination claim brought pursuant to GINA should be dismissed because it is not facially plausible.**

Congress enacted Title II of GINA "to protect job applicants, current and former employees, labor union members, and apprentices and trainees from discrimination based on their genetic information." Regulations Under the Genetic Information Nondiscrimination Act of 2008, 75 Fed. Reg. 68912-01 (Nov. 9, 2010). "The basic intent of GINA is to prohibit employers from making a 'predictive assessment concerning an individual's propensity to get an inheritable genetic disease or disorder based on the occurrence of an inheritable disease or disorder in [a] family member.'" *Poore v. Peterbilt of Bristol, L.L.C.*, 852 F. Supp. 2d 727, 730 (W.D. Va. 2012) (quoting H.R. Rep. No. 110–28, pt. 3, at 70 (2007), 2008 U.S.C.C.A.N. 112, 141).

Under GINA, it is unlawful for an employer "to fail or refuse to hire, or to discharge, any employee, or otherwise to discriminate against any employee with respect to the compensation, terms, conditions, or privileges of employment of the employee, because of genetic information with respect to the employee." 42 U.S.C. § 2000ff-1(a). The Act also makes it unlawful "for an employer to request, require, or purchase genetic information with respect to an employee or a family member of the employee," with some exceptions. 42 U.S.C. § 2000ff-1(b). The statute defines "genetic information" as information about an individual's (1) genetic tests; (2) the genetic tests of his or her family members; or (3) the manifestation of a disease or disorder in his or her family members. 42 U.S.C. § 2000ff(4)(A).

At the motion to dismiss phase, Plaintiff is not required to establish a prima facie case to prove his GINA claim. *See, e.g.*, *Steele v. Stallion Rockies Ltd*, 106 F. Supp. 3d 1205, 1209 (D. Colo. 2015). However, Plaintiff must set forth a plausible claim for relief. Plaintiff has failed to set forth a plausible

claim for relief because he: 1) has not alleged that the information at issue was "genetic information" under GINA; 2) Plaintiff has alleged a manifested disease, which may not be considered under GINA; and 3) Plaintiff has failed to allege any causal connection between his alleged "genetic information" and the City's failure to hire him.

### A. Plaintiff has not alleged that the information at issue was "genetic information" under GINA.

To state a claim under GINA, Plaintiff must allege that the information at issue is the type of genetic information implicated by GINA, including one of the following: (1) an "individual's genetic tests;" (2) "the genetic tests of family members of such individual;" and (3) "the manifestation of a disease or disorder in family members." 42 U.S.C. § 2000ff(4)(A).

Although it is unclear on the facts of the Complaint what information Plaintiff contends is "genetic information," the City assumes Plaintiff intends his reference to his brother's PTSD to implicate GINA. (*See* Compl. ¶ 19.) ("When asked about history of family illness, Plaintiff informed the therapist that Plaintiff's brother suffered with PTSD from his military service and that the condition was service related.")

Plaintiff has not plausibly alleged that his brother's PTSD was "the manifestation of a disease or disorder in family members" as required by GINA—in fact, he has alleged the opposite. For discrimination based on family medical history to violate GINA, the family medical condition must have a genetic predisposition and the employer must have believed that the medical information at issue had a genetic basis. *See Tedesco v. Pearson Educ.*, *Inc*., 21-cv-199, 2021 WL 2291148, at *6 (E.D. La. June 4, 2021). In other words, "the plaintiff must allege at least that the employer, when requesting family medical history, believed it was dealing with genetic information. Holding otherwise could impose liability on employers merely for inquiring about the health or safety of an employee's family member, a scenario to which the relevant regulations expressly counsel against applying GINA." *Id.*; *see also Dabrowski v. Mayorkas*, 19-cv-3679, 2022 WL 715216, at *6 n.12

(D.D.C. Mar. 10, 2022) (collecting cases).

Further, a mere diagnosis of a disease or disorder in a family member "is not considered 'genetic information' if 'such information is taken into account only with respect to the individual in which such disease or disorder occurs and not as genetic information with respect to any other individual.'" *Poore*, 852 F. Supp. 2d at 731 (quoting H.R. Rep. No. 110-28, pt. 2, at 27 (2007), 2008 U.S.C.C.A.N. 101, 105–06). In other words, "evidence of a family member's disease diagnosis is only considered 'genetic information' if used to determine the likelihood of disease in another individual." *Allen v. Verizon Wireless*, No. 12-482, 2013 WL 2467923, at *23 (D. Conn. June 6, 2013) (citing *Poore*, 852 F. Supp. 2d at 731).

Here, the fact that Plaintiff stated his brother had PTSD is not enough to transform that knowledge into genetic information. Instead, Plaintiff must allege that the City had knowledge that the PTSD was related to his genetic makeup, and not, for example, prompted by outside stressors, neurological disease, or environmental factors. *See Tedesco*, 2021 WL 2291148, at *6. Plaintiff has made no allegations that he supplied any such information to the City. *See generally Compl.* It is neither the City's nor this Court's responsibility to determine if Plaintiff's brother's PTSD was related to a genetic condition. *Id.* To state a claim, Plaintiff must simply allege that he specifically told the City that his brother's PTSD was specifically linked to a genetic condition. *Id.* Here, Plaintiff alleges that he told the City his brother's PTSD was *not* related to a genetic condition, but rather that the condition was related to his brother's military service "and that the condition was *service related*." Compl. ¶ 19 (emphasis added). Accordingly, Plaintiff has effectively plead himself out of a claim under GINA. Because Plaintiff has not only failed to adequately allege that his brother's PTSD was genetic information, but also affirmatively pled that it was *not* genetic information, but rather "service related," Plaintiff cannot state a claim for GINA and his claim should be dismissed with prejudice.

**B. Because Plaintiff alleges a manifested disease, Plaintiff cannot state a claim under GINA.**

An employer does not violate GINA through "the use, acquisition, or disclosure of medical information that is not genetic information about a manifested disease, disorder, or pathological condition of an employee or member, including a manifested disease, disorder, or pathological condition that has or may have a genetic basis." 42 U.S.C. § 2000ff-9.3 The regulations promulgated under the statute further clarify that GINA prohibits only discrimination on the basis of genetic information and not on the basis of a manifested disease: "The fact that an individual has the diagnosed disease, disorder, or pathological condition will not be considered genetic information about the individual; nor will information about the signs or symptoms the individual has." 75 Fed. Reg. 68917. In short, "GINA prohibits discrimination based on genetic information and not on the basis of a manifested condition, while the ADA prohibits discrimination on the basis of manifested conditions that meet the definition of disability." *Id.* at 68931.

Accordingly, under GINA, there is a clear statutory distinction between medical information and genetic information unlawfully used by an employer. Fifth Circuit precedent also supports this finding. In *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 826-27 (5th Cir. 2015), the Fifth Circuit rejected the plaintiff's argument that his employer discriminated against him in violation of GINA by requiring him to participate in a mandatory wellness program, reasoning as follows:

> The district court correctly dismissed this claim because Ortiz presented no evidence that SAFD requested, required, or purchased his genetic information, or discriminated against him on the basis of genetic information.... Ortiz also ignores the statutory distinction between 'medical information' and 'genetic information...' Far from plainly erroneous, the district court's decision comports with the plain language of the statute and the sparse case law in this area.

Plaintiff here similarly ignores the statutory distinction between medical and genetic information. Plaintiff specifically alleges in his Complaint that the City failed to hire him due to his VA disability rating. *See Compl.* ¶ 26. Plaintiff further alleges that he had been diagnosed with anxiety

disorder and depression, and that his psychology test score indicated "untruthfulness." *See id.* ¶¶ 20, 21. To the extent Plaintiff claims that any of these issues are covered by GINA, they are not. The statute unequivocally states that an employer does not violate GINA through "the use ... of medical information that is not genetic information about a manifested disease," even if that manifested disease "has or may have a genetic basis." 42 U.S.C. § 2000ff-9. *See, e.g.*, *Green v. Whataburger Rests. LLC*, No. 5:17–CV–243–DAE, 2018 WL 6252532, at **3-4 (W.D. Tex. Feb. 22, 2018) (holding that plaintiff failed to state a valid claim under GINA where she failed to provide plausible factual support that she or her daughter were discriminated against based on genetic tests or information); *Duignan v. City of Chicago*, 275 F. Supp. 3d 933, 939 (N.D. Ill. 2017) (dismissing GINA claim where plaintiff alleged only that employer discriminated against her because of her diagnosis of Huntington's disease, not based on any genetic information); *Smith v. Donahoe*, 917 F. Supp. 2d 562, 571 (E.D. Va. 2013) ("[T]he Court finds that Plaintiff has not pled any facts indicating that any of the Defendants requested or obtained Plaintiff's 'genetic information' and discriminated against him on the basis of such 'genetic information.'"); *Dumas v. Hurley Med. Ctr.*, 837 F. Supp. 2d 655, 666 (E.D. Mich. 2011) (dismissing GINA claim for failure to allege use or misuse of "genetic information" as defined by the statute). Because Plaintiff affirmatively pleads that the City failed to hire him due to his manifested conditions, rather than because of genetic information, Plaintiff has failed to state, and cannot state, a claim under GINA, and his claim should be dismissed with prejudice.

### C. Plaintiff fails to adequately allege that the City refused to hire him because of his genetic information.

To state a claim under GINA, Plaintiff must allege facts showing that he was discriminated against based on his or his family's genetic tests or diseases that run in his family. *See Iwaniszek v. Pride Transp. Inc.*, No. 2:17-cv-02918-JCM-PAL, 2019 WL 609631, *4 (D. Nev. Feb. 13, 2019). Here, Plaintiff does not allege any facts that the City's decision not to hire him is related to his genetic

information. As discussed, Plaintiff does not clearly allege what genetic information he contends is at issue. To the extent Plaintiff contends that his brother's "service related" PTSD is somehow genetic information under GINA, Plaintiff fails to allege that the City failed to hire him based on that information. "[I]t is critical at the pleading stage for Plaintiff to provide plausible factual support for *each* alleged theory of liability." *Leone v. North Jersey Orthopaedic Specialists*, No. 11-3957, 2012 WL 1535198, *6 (D. N. J. Apr. 27, 2012). Simply identifying a statute providing a cause of action, with no factual basis, is a conclusory assertion that does not state a plausible claim. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Because Plaintiff fails to allege any causal connection between any genetic information and the City's failure to hire him, Plaintiff's GINA claim should be dismissed.

### III.   Plaintiff's discrimination claim brought under the ADA should be dismissed because it is not facially plausible.

Because Plaintiff has made no allegation implicating direct evidence of disability discrimination, he must proceed under the applicable burden-shifting analysis and first articulate a prima facie case under the ADA. *See Clark v. EY*, No. 3:21-cv-1105, 2021 WL 4046736 (N.D. Tex. Aug. 18, 2021). "To establish a prima facie case of discrimination under the ADA, a plaintiff must establish the following: "(1) he has a disability; (2) he is qualified for the job; and (3) the covered entity made its adverse employment decision because of the party's disability." *Neely v. PSEG Texas, Ltd. P'ship*, 735 F.3d 242, 245 (5th Cir. 2013).

Although a plaintiff need not establish a prima facie case in order to survive judicial screening under the ADA, a plaintiff must "plead sufficient facts on all of the ultimate elements of [his] claim to make [his] case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted). Here, Plaintiff has failed to plead *any* of the ultimate elements of his claim: 1) Plaintiff has failed to plead he is disabled; 2) Plaintiff has failed to allege that he is a "qualified individual" under the ADA; and 3) Plaintiff failed to plead the City did not hire him because of his

disability. To the extent that Plaintiff contends the City failed to accommodate him, Plaintiff's claim should be dismissed for the additional reason that he failed to allege that he requested an accommodation.

### A.       Plaintiff has failed to allege that he is disabled, as required by the ADA.

Under the ADA, a disability is "a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment." 42 U.S.C. § 12102. The United States Supreme Court has fashioned a three-part test to determine whether a disability exists under the ADA:

> First, we consider whether ... a physical [or mental] impairment [exists]. Second, we identify the life activity upon which [the plaintiff] relies ... and determine whether it constitutes a major life activity under the ADA. Third, tying the two statutory phrases together, we ask whether the impairment substantially limited the major life activity.

*Bragdon v. Abbott*, 524 U.S. 624, 631 (1998). Under the relevant regulations, promulgated by the EEOC, a person is deemed "substantially limited" if he cannot perform a major life activity, or if he is significantly restricted in the duration or manner in which he can perform it, as compared to an average person. See 29 C.F.R. § 1630.2(j) (2001). Further, the cited limitation must be significant, not a "mere difference" in ability. *Albertson's, Inc. v. Kelkenberg*, 527 U.S. 555, 565 (1999). To determine whether a limitation is "substantial," the court may consider the nature and severity of an impairment; its duration or expected duration; and its permanent, long-term or expected impact. 29 C.F.R. §§ 1630.2(j)(2)(i)-(iii). It is important to note that each of these terms has a precise definition, and must "be interpreted strictly to create a demanding standard for qualifying as disabled." *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 654 (5th Cir. 2003) (quoting *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 197 (2002)).

In this case, Plaintiff has alleged that he has a "total disability rating from the Department of Veteran's Affairs ("VA") of 100%, as well as lower percentage disability ratings stemming from physical conditions, including TMJ, cervical strain, left shoulder strain, right shoulder strain, and

tinnitus, among other conditions." Compl. ¶ 15. However, Plaintiff does not explain what the VA's disability rating means, and further alleges that he did not receive a medical discharge from the military, but rather "finished his contract and military duty." *Id.* ¶ 16. Plaintiff further alleges that he "has also been diagnosed with anxiety disorder and depression" (*id.* ¶ 20) and is on anti-depressants (*id.* ¶ 18). Plaintiff makes no further factual allegations regarding having an impairment or regarding how one or more of his major life activities are substantially limited by such impairment. Without more, Plaintiff's allegations are insufficient to plausibly allege that he has a disability covered under the ADA, and his ADA claim should be dismissed on this basis. *See Luedecke v. Tenet Healthcare Corp.*, No. 3:14-cv-1582, 2015 WL 58733, *5 (N.D. Tex. Jan. 5, 2015) (dismissing ADA discrimination claim where plaintiff failed to "plead facts giving rise to an inference that his or her impairment substantially limits one or more major life activities") (internal citations omitted) (citing *Hale v. King*, 642 F.3d 492, 500-01 (5th Cir. 2011)).

B.    **Plaintiff has failed to allege that he is a "qualified individual" under the ADA.**

"The term 'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential functions of [his] job." 42 U.S.C.A. § 12111 (West).

> "While the ADA focuses on eradicating barriers, the ADA does not relieve a disabled employee or applicant from the obligation to perform the essential functions of the job. To the contrary, the ADA is intended to enable disabled persons to compete in the work-place based on the same performance standards and requirements that employers expect of persons who are not disabled."

*Foreman v. Babcock & Wilcox Co.,* 117 F.3d 800, 808 (5th Cir.1997), *cert. denied*, (quoting 29 C.F.R. § 1630, App. Background (1996)).

In this case, Plaintiff fails to allege facts sufficient to plausibly support that he was qualified to serve as a peace officer. Plaintiff alleges that he had "the requisite education and experience to take the Police Officer Trainee exam," that he "successfully completed the physical test," "Applicant Interview," and "polygraph component of the hiring process." Compl. ¶¶ 10, 12. However, Plaintiff

never alleges that he successfully completed his psychological exam. *Id.* Rather, Plaintiff alleges that he took a written psychological exam and had an interview with a therapist "as part of the hiring process." *Id.* ¶¶ 13, 14. Plaintiff alleges that, during the interview, the therapist explained to Plaintiff that he had *not* successfully completed the written component of the psychology test because "the score Plaintiff received was 'too high' and … the test was developed in a way that indicated untruthfulness if the score was 'too high.'" *Id.* ¶ 21. Plaintiff alleges that the "therapist explained to Plaintiff that he needed to take the exam again because the score Plaintiff received was 'too high.'" *Id.* ¶ 22. Finally, Plaintiff alleges that he "retook the test at a later date and was notified that the therapist had failed Plaintiff." *Id.* ¶ 25. Although Plaintiff alleges that he had successfully passed all tests required (*id.* ¶ 25), Plaintiff's allegations are contradictory because Plaintiff admits that his written psychology examination score indicated "untruthfulness," that he "retook the test at a later date," and that "the therapist had failed Plaintiff." *Id.* ¶¶ 22, 25. Plaintiff's allegations explain that successful completion of the psychological examination was required as part of the hiring process, and that he failed to successfully complete the psychological examination. Accordingly, Plaintiff has alleged that he could not meet the "same performance standards and requirements that employers expect of persons who are not disabled" because he did not show that he met "the necessary prerequisites for the job." *Foreman*, 117 F.3d at 808 n.14 (citing 42 U.S.C. § 12111(8). As such, Plaintiff cannot allege that he is a qualified individual under the ADA and his claim should be dismissed for this independent reason. *See Canavan v. City of El Paso*, No. EP-09-CV-043-KC, 2010 WL 11601100, at *6 (W.D. Tex. July 14, 2010) (a firefighter applicant was disqualified as a Firefighter Trainee pursuant to the City's Medical Standards because he could not pass a required medical exam as he used an asthma inhaler which could inhibit his ability to use a self-contained breathing apparatus ("SCBA") when necessary. The court held that because the applicant did not show "that his use of an inhaler does not compromise his ability to use the SCBA, he has not

established that he is a 'qualified individual')"; *Mir v. L-3 Communications Integrated Sys., L.P.,* No. 3:15-CV-2766-L, 2017 WL 5177118, at *5-*6 (N.D. Tex. Nov. 8, 2017) (The court held that a job applicant was not qualified for the position because he did not have the required programming knowledge listed in the position description. The court stated that it "is aware of no authority that requires a prospective employer to accept a person for a position who does not meet all minimum qualifications.").

### C.      Plaintiff has failed to allege that the City did not hire him because of his alleged disability.

Plaintiff must allege facts that would allow the Court to reasonably infer that the City declined to hire him because of his disability. *See Teague v. Williamson Cnty*, No. 1:18-CV-1098-RP, 2020 WL 2542869, *10 (W.D. Tex. May 19, 2020). In *Teague*, a case which closely resembles the facts of this case, the plaintiff applied for a job as a police officer. The plaintiff alleged that the police department declined to hire her after informing her that she had lied on her pre-employment psychological evaluation by failing to disclose a history of sexual abuse, PTSD, and certain medications. *Id.* at *3 The court granted defendant's motion to dismiss plaintiff's ADA discrimination claim, explaining that plaintiff's allegation that the police department told her she had lied on her psychological evaluation allowed for an inference that plaintiff was *not* discriminated against based on her disability. *See id.* at *10.

Here, Plaintiff alleges that, at his interview with the therapist, the therapist stated that Plaintiff's score indicated "untruthfulness." Compl. ¶ 21. Plaintiff further alleged that he had some questions about the test because "there were a few confusing words in the questions." *Id.* ¶ 22. Plaintiff alleges that "the therapist had failed Plaintiff." *Id.* ¶ 25. Although Plaintiff alleges that he was not hired due to his VA disability rating (Compl. ¶ 26), Plaintiff provides no factual support for this allegation, which is insufficient to state a claim, even at the motion to dismiss phase; therefore, his claim should be dismissed. *See, e.g.*, *Olumuyiwa v. City of Dallas*, No. 3:11–CV–2028–M (BF),

2011 WL 7070989, *3 (N.D. Tex. Dec. 29, 2011) (dismissing ADA discrimination complaint where Plaintiff made only conclusory allegations regarding causation). *Henry v. Cont'l Airlines*, 415 F. App'x 537, 540 (5th Cir. 2011) (partly holding that subjective, speculative, general, and conclusory allegations are insufficient to establish an ADA discrimination claim); *Johnson v. Parkwood Behavioral Health Sys.*, 551 F. App'x 753, 756 (5th Cir. 2014) (former employee "offered only general accusations, speculation, and her own subjective belief" that she was terminated because of her disability, which was not enough to overcome summary judgment).

> **D.     To the extent that Plaintiff alleges the City failed to accommodate him, Plaintiff failed to allege that the City had notice of Plaintiff's disability and request for accommodation and that the City failed to accommodate Plaintiff.**

To state a failure to accommodate claim, a plaintiff must allege: "(1) the plaintiff is a 'qualified individual with a disability;' (2) the disability and its consequential limitations were 'known' by the covered employer; and (3) the employer failed to make 'reasonable accommodations' for such known limitations. *Amedee v. Shell Chem., L.P.*, 953 F.3d 831, 837 (5th Cir. 2020)." (quoting *Feist v. La., Dep't of Justice, Office of the Attorney Gen.*, 730 F.3d 450, 452 (5th Cir. 2013)). As discussed *supra*, Plaintiff has failed to adequately allege the first element. In addition, Plaintiff has failed to allege that his limitations were known by the City or that the City failed to make reasonable accommodations. *See generally Compl.* To state a failure to accommodate claim Plaintiff would, at a minimum, have needed to allege his limitation and the accommodations he required. *See Coleman v. Saul*, No. 3:19-CV-2198-K-BT, 2021 WL 1117167, at *11 (N.D. Tex. Mar. 24, 2021). The burden of requesting a reasonable accommodation rests with the employee. *Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 735 n.4 (5th Cir. 1999).

Here, Plaintiff cannot allege a claim because he has not alleged that he requested a reasonable accommodation from the City. Plaintiff's allegations regarding this claim are purely conclusory— that "The City refused to reasonably accommodate Plaintiff's disability and modify their services in

violation of Title II of the ADA." (Compl. ¶ 35.) Plaintiff does not allege what reasonable accommodation he needed in order to perform the job of police officer, that the City was on notice of such a limitation, or that he requested a reasonable accommodation and the City refused it. (*See generally Compl.*) Without these basic allegations, Plaintiff cannot state a claim for failure to accommodate, and his claim should be dismissed. *See Taylor v. Principal Fin. Group, Inc.*, 93 F.3d 155, 165 (5th Cir. 1996), *cert. denied*, 519 U.S. 1029 (1996) ("When the nature of the disability, resulting limitations, and necessary accommodations are uniquely within the knowledge of the employee and his health-care provider, a disabled employee cannot remain silent and expect his employer to bear the initial burden of identifying the need for, and suggesting, an appropriate accommodation"); *Patton v. Jacobs Eng'g Group, Inc.*, 874 F.3d 437, 445 (5th Cir. 2017) (the plaintiff did not establish that defendants were aware of his disability or the related limitations to establish a failure to accommodate claim).

## IV.    Plaintiff's discrimination claim brought under Title VII should be dismissed because it is not facially plausible.

Because Plaintiff has made no allegation implicating direct evidence of national origin discrimination[2], he must proceed under the *McDonnell-Douglas* burden shifting framework for an employment discrimination case based circumstantial evidence. *McDonnell Douglas Corp. v. Green*,

---

[2] Plaintiff's allegations that the therapist asked whether Spanish is Plaintiff's first language and that therapist provided him copies of the test in Spanish and English does not plausibly suggest direct evidence of discrimination. "'Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption.'" *Siddiqui v. AutoZone W., Inc.*, 731 F. Supp. 2d 639, 649 (N.D. Tex. 2010) (quoting *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 384 n. 3 (5th Cir.2003) (age discrimination case) (quoting *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002)). "Language is not a…national origin trait and, thus, cannot be the basis of a…national origin discrimination claim." *Belmonte v. City of Dallas, Tex.*, No. 3:19-CV-2656-G-BK, 2021 WL 1903707, at *2 (N.D. Tex. Feb. 9, 2021), report and recommendation adopted, No. 3:19-CV-2656-G (BK), 2021 WL 1895244 (N.D. Tex. May 10, 2021) (citing *Garcia v. Gloor*, 618 F.2d 264, 268-71 (5th Cir. 1980)). "While language may be used as a covert basis for national origin discrimination, that is the exception rather than the rule." *Belmonte*, No. 3:19-CV-2656-G-BK, 2021 WL 1903707, at *2 (citing *Garcia*, 618 F.2d at 268). "And in those exceptional instances, such discrimination is focused on forbidding the use of a language as an expression of culture, not encouraging, or even requiring, the use of a specific language as part of someone's job." *Belmonte*, No. 3:19-CV-2656-G-BK, 2021 WL 1903707, at *2 (citing *Garcia*, 618 F.2d at 270-71).

411 U.S. 792 (1973). Although a plaintiff need not establish a prima facie case in order to survive judicial screening under Title VII, a plaintiff must "plead sufficient facts on all of the ultimate elements of [his] claim to make [his] case plausible." *Chhim*, 836 F.3d at 470 (citations omitted). A valid claim of discrimination requires that the plaintiff allege that he: "(1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that other similarly situated employees were treated more favorably." *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004).

Courts in the Fifth Circuit routinely look to the elements of a prima facie case of discrimination for guidance when determining whether a Title VII discrimination claim can survive a motion to dismiss. *See, e.g., Gillie v. La. Dep't of State Civil Serv.*, 559 F. App'x 333, 335 (5th Cir. 2014) (dismissing Title VII discrimination claim for failing to allege that her position was filled by an individual outside her class or that she was treated less favorably); *Puente v. Ridge*, 324 F. App'x 423, 427-28 (5th Cir. 2009) ("[T]his court may consider the *McDonnell Douglas* framework, and no plaintiff is exempt from her obligation to 'allege facts sufficient to state all the elements of her claim.'") (quoting *Mitchell v. Crescent River Port Pilots Ass'n.*, 265 F. App'x 363, 370 (5th Cir. 2008)).

### A.    Plaintiff has failed to adequately allege that he was qualified for the position.

As set forth *supra*, in Section III(B), Plaintiff has failed to adequately allege that he was qualified for the position of police officer. Accordingly, Plaintiff's national origin claim should be dismissed on this basis alone.

### B.    Plaintiff has failed to allege that someone outside of his protected class was hired instead, or that similarly situated employees were treated more favorably.

A Title VII discrimination plaintiff must allege facts, direct or circumstantial, that would suggest the employer treated similarly situated individuals outside of his protected category more

favorably, or that the position sought was filled by someone outside of Plaintiff's protected class. *Finch v. Tex. Health and Human Srvs Comm'n*, No. H–13–3716, 2015 WL 5674834, *4 (S.D. Tex. Sept. 25, 2015). "The 'similarly situated' prong requires a Title VII claimant to identify at least one coworker outside of his protected class who was treated more favorably 'under nearly identical circumstances.'" *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017) (quoting *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009)). Here, Plaintiff fails to allege either that the position he sought was filled by someone outside of his protected class, or that similarly situated employees were treated less favorably.

The only facts Plaintiff alleges with respect to his national origin claim are that he is Puerto Rican, Plaintiff told the therapist that Spanish is his first language, and after telling the therapist that he found some of the words on the test confusing, the therapist provided him with copies of the test in both Spanish and English. Compl. ¶¶ 22-24. These allegations do not contain facts, direct or circumstantial, that would suggest the City's actions were based on Plaintiff's national origin or that the City treated similarly situated employees of other national origins more favorably. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). Plaintiff does not even allege that the therapist *knew* Plaintiff's national origin. (*See generally* Compl.) Because Plaintiff "has failed to raise his right to relief above the speculative level," the Court should dismiss his national origin claim. *Id.*

## CONCLUSION

WHEREFORE, the City respectfully requests that the Court grant the instant motion and dismiss all of Plaintiff's claims for failure to state a claim upon which relief can be granted. The City additionally requests all other and further relief as the Court deems just and equitable.

Respectfully submitted,

City Attorney for the City of Dallas

Tammy L. Palomino
Interim City Attorney

 /s/ Michaela D. Noble
Michaela D. Noble
Assistant City Attorney
Texas State Bar No. 24104613
michaela.noble@dallas.gov

Sarah E. Mendola
Executive Assistant City Attorney
Texas State Bar No. 24057030
sarah.mendola@dallas.gov

City Hall
1500 Marilla Street, Suite 7DN
Dallas, Texas 75201
Telephone: 214-670-5011
Telecopier: 214-670-0622

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Blerim Elmazi, Esq.
THE LAW OFFICES OF BLERIM ELMAZI
8111 LBJ Freeway
Suite 790
Dallas, Texas 75251
Tel. (214) 438-0123
Blerim@ElmaziLaw.com
*Attorney for Plaintiff*

*/s/ Michaela D. Noble*
MICHAELA D. NOBLE