# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JOEL SOL | § |
| | § |
| v. | §   CIVIL ACTION NO. 3:23-CV-0606-S |
| | § |
| CITY OF DALLAS, TEXAS | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant City of Dallas's Motion to Dismiss ("Motion") [ECF No. 9]. The Court has reviewed the Motion, Plaintiff Joel Sol's Response in Opposition to Defendant City of Dallas's Motion to Dismiss ("Response") [ECF No. 17], Defendant City of Dallas's Reply Brief in Support of Its Motion to Dismiss ("Reply") [ECF No. 25], and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

## I. BACKGROUND

Plaintiff Joel Sol was honorably discharged from the United States military on or about May 7, 2021. Pl.'s Original Compl. ("Complaint") [ECF No. 1] ¶ 8. The Department of Veterans Affairs ("VA") assigned Plaintiff a total disability rating of 100%. *Id.* ¶ 15. Plaintiff applied for a position as a peace officer with Defendant City of Dallas, Texas, on or about June 22, 2021. *Id.* ¶ 9. Plaintiff met the initial requirements for the job, successfully completed the physical test, and passed the interview and polygraph portions of the hiring process. *Id.* ¶¶ 10-12.

Plaintiff was interviewed by a therapist as part of his pre-employment psychological exam. *Id.* ¶ 14. The therapist asked Plaintiff about any disabilities or conditions resulting from his military service, and Plaintiff reported his total disability rating of 100%. *Id.* ¶ 15. Plaintiff alleges that, despite his explanations, the therapist incorrectly interpreted this disability rating as meaning he could not work. *Id.* ¶¶ 16-17. According to Plaintiff, the therapist assumed that Plaintiff was unfit to be a peace officer due to his disability rating. *Id.* ¶ 17.

The Complaint details a discussion with the therapist relative to Plaintiff's medications and family history. *Id.* ¶¶ 18-19. Plaintiff informed the therapist that he was taking anti-depressants and that he had previously been diagnosed with anxiety disorder and depression. *Id.* ¶¶ 18, 20. Plaintiff alleges that the therapist "focused in on" his family history, namely that his brother suffered from post-traumatic stress disorder ("PTSD") resulting from military service. *Id.* ¶ 19.

Plaintiff also alleges that the therapist said that Plaintiff's psychological exam score was "too high," indicating untruthfulness, and that he had to take the exam again. *Id.* ¶¶ 21-22. When Plaintiff mentioned that he found some of the words used in the questions confusing, the therapist allegedly inquired about whether Spanish was Plaintiff's first language. *Id.* ¶¶ 22-23. Plaintiff responded that his first language was Spanish, but he was fluent in English. *Id.* ¶ 23. The therapist, according to Plaintiff, assumed that Plaintiff's test score or confusion stemmed from his Puerto Rican background or his ability to speak Spanish. *Id.* Plaintiff maintains that the therapist urged Plaintiff to retake the test in Spanish, saying something along the lines of "I mean if the medications are working, I guess[.]" *Id.* ¶ 24. After Plaintiff retook the test,[1] the therapist notified Plaintiff that he had failed. *Id.* ¶ 25. Defendant did not hire Plaintiff. *Id.* ¶ 26. Although Defendant did not explain why it did not clear Plaintiff for hire, Plaintiff contends that he was not hired because of his nationality and VA disability rating. *Id.* ¶¶ 25-26.

As a result of the foregoing, Plaintiff filed this lawsuit, bringing claims for discrimination based on genetic information in violation of the Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. § 2000ff, et seq., disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and national origin discrimination under

---

[1] Plaintiff does not state what language was used for the second written exam.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Defendant moved to dismiss all of Plaintiff's claims.

## II. LEGAL STANDARD

To defeat a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

## III. ANALYSIS

Defendant asks the Court to dismiss Plaintiff's claims under GINA, ADA, and Title VII for failure to state a claim upon which relief can be granted. The Court finds that Plaintiff has not sufficiently pleaded these three claims.

### A. Genetic Information Nondiscrimination Act Claim

GINA prohibits employers from discriminating against an employee[2] because of "genetic information with respect to the employee." 42 U.S.C. § 2000ff-1(a). Genetic information includes information about an individual's genetic tests, the genetic tests of the individual's family members, and the "manifestation of a disease or disorder in family members of such individual." *Id.* § 2000ff(4)(A). The question before the Court is whether GINA is implicated in this case. It is not.

In the Complaint, Plaintiff identifies no genetic information of which Defendant was aware. Plaintiff does not allege that any genetic tests were taken or reviewed. Nor does Plaintiff sufficiently articulate discrimination based on the third type of genetic information, the manifestation of a disease or disorder in a family member. While Plaintiff alleges that the therapist was aware of his brother's PTSD, Compl. ¶ 19, "a mere diagnosis of a disease or disorder in a family member is not considered genetic information if such information is taken into account only with respect to the individual in which such disease or disorder occurs and not as genetic information with respect to any other individual." *Tedesco v. Pearson Educ., Inc.*, No. 21-199, 2021 WL 2291148, at *5 (E.D. La. June 4, 2021) (internal quotation marks omitted) (quoting *Poore v. Peterbilt of Bristol, L.L.C.*, 852 F. Supp. 2d 727, 731 (W.D. Va. 2012)). Plaintiff does not claim that Defendant considered his brother's PTSD to be genetic information with respect to Plaintiff.[3] And even if Plaintiff's brother's PTSD was genetic information, the Complaint does not

---

[2] Employee is defined to include an applicant. *See* 42 U.S.C. § 2000ff(2)(A).

[3] Plaintiff makes several allegations in the Response that are not in the Complaint, including that Defendant was fixated on "the potential that Plaintiff may have PTSD." Resp. 14. The Court will not consider facts alleged in a response brief but not in a complaint. *Obinyan v. Prime Therapeutics LLC*, No. 3:18-CV-0933-D, 2019 WL 5647955, at *3 (N.D. Tex. Oct. 31, 2019) (citation omitted).

allege that Defendant's decision not to hire Plaintiff was related to this genetic information. Conspicuously, genetic information is absent from Plaintiff's explanation for why he was not hired. *See* Compl. ¶ 26. Because Plaintiff has not adequately pleaded that genetic information existed or that Defendant took such information into account when deciding not to hire him, the Court concludes that Plaintiff fails to state a claim under GINA.

### *B. Americans with Disabilities Act Claim*

Under the ADA, employers are prohibited from discriminating against job applicants on the basis of disability. 42 U.S.C. § 12112(a).[4] Covered disabilities include "a physical or mental impairment that substantially limits one or more major life activities," "a record of such an impairment," and "being regarded as having such an impairment." *Id.* § 12102(1). To establish a claim of disability discrimination under the ADA, a plaintiff must either present direct evidence or proceed under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), burden-shifting framework. *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995); *see also E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 384 n.3 (5th Cir. 2003) (quoting *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002)).

Here, there is no direct evidence of discrimination, so the Court considers only the *McDonnell Douglas* burden-shifting framework. Under that framework, a plaintiff may establish

---

[4] Plaintiff brings an employment discrimination claim under Title II of the ADA. Compl. ¶¶ 32-33. Employment discrimination claims are covered in Title I, whereas Title II "covers discrimination in the provision of public services." *Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671 (5th Cir. 2004) (citation omitted). Plaintiff seemingly acknowledges this distinction by only citing Title I and its accompanying regulations in his Response. *See* Resp. 12-16. The Court will thus interpret Plaintiff's ADA claim as if it was initiated under Title I of the ADA. *See Balle v. Nueces County*, 952 F.3d 552, 556 (5th Cir. 2017) ("[A] complaint will not be dismissed merely because it contains an 'imperfect statement of the legal theory supporting the claim asserted.'" (quoting *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014)).

a prima facie case of discrimination when he pleads "(1) that he has a disability; (2) that he was qualified for the job; [and] (3) that he was subject to an adverse employment decision on account of his disability." *E.E.O.C.*, 773 F.3d at 697 (alteration in original) (quoting *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999)). A plaintiff need not make out a prima facie case of discrimination to survive a Rule 12(b)(6) motion to dismiss. *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-12 (2002)). Instead, a plaintiff must plead sufficient facts on the ultimate elements of the claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citation omitted). In this analysis, it can be helpful to reference the prima facie elements. *Id.*; *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (citation omitted). In doing so, a court must be careful not to "inappropriately heighten[] the pleading standard by subjecting a plaintiff's allegations to a rigorous factual or evidentiary analysis under the *McDonnell Douglas* framework in response to a motion to dismiss." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (citation omitted).

  The Court, then, must analyze whether Plaintiff has alleged sufficient facts to plead the ultimate elements of the claim. Because the Fifth Circuit considers the prima facie case helpful in answering this question, and because both parties briefed this matter only with regard to the elements of the prima facie case, the Court will analyze whether Plaintiff has sufficiently pleaded the ultimate elements through the lens of the prima facie elements. *See, e.g., Milteer v. Navarro County*, 652 F. Supp. 3d 754, 760-61, 760 n.5 (N.D. Tex. 2023) (analyzing the prima facie elements of a religious discrimination claim at the motion to dismiss stage); *Girasole v. Caliber Home Loans, Inc.*, No. 3:21-CV-1560-X, 2023 WL 5415367, at *2 (N.D. Tex. Aug. 21, 2023) (analyzing the prima facie elements of a retaliation claim at the motion to dismiss stage); *Stollings*

6

*v. Tex. Tech Univ.*, No. 5:20-CV-250-H, 2021 WL 3748964, at *10 (N.D. Tex. Aug. 25, 2021) (analyzing the prima facie elements of a sex discrimination claim at the motion to dismiss stage). The Court finds that Plaintiff has not sufficiently pleaded that he is a qualified individual or was subjected to an adverse employment decision on account of his disability; therefore, he has not sufficiently pleaded his ADA claim.

*i. Disability*

Defendant asserts that Plaintiff has not adequately pleaded a disability because he does not tie any alleged impairment to a major life activity. Mot. 11-12. Plaintiff responds that he has a disability under the ADA both because he has an impairment that substantially limits major life activities and is regarded as having such an impairment. *See* Resp. 13. Plaintiff plausibly alleges only the latter.

The Court cannot reasonably infer that Plaintiff had an impairment that substantially limits any of his major life activities. "[T]he inquiry as to whether a limitation is substantial requires assessing 'whether [the plaintiff's] impairment substantially limits his ability to 'perform a major life activity as compared to most people in the general population.'" *Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 479 (5th Cir. 2023) (second alteration in original) (quoting *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 591 (5th Cir. 2016)). This analysis "requires an individualized assessment of the impact of the impairment on an individual's major life activities." *Id.* Because Plaintiff has alleged no facts whatsoever about how his impairments affect a major life activity, the Court cannot make the requisite individualized assessment. Therefore, Plaintiff has not pleaded sufficient facts to claim a disability under 42 U.S.C. § 12102(1)(A).

The Court finds, however, that Plaintiff has sufficiently pleaded a disability under 42 U.S.C. § 12102(1)(C). To state a claim for discrimination under subsection (C), Plaintiff must

7

plead that he was "subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." *Id.* § 12102(3)(A).

Defendant cites *Hale v. King*, 642 F.3d 492 (5th Cir. 2011), for the rule that a plaintiff must tie the perceived impairment to a major life activity. Reply 3-4. *Hale*, however, did not consider changes in the ADA that were enacted in 2008. 642 F.3d at 499. In *Cannon*, the Fifth Circuit recognized that the ADA Amendments Act of 2008 changed subsection (C) to "make it easier for people with disabilities to obtain protection under the ADA" by covering individuals who are perceived to have an impairment "*whether or not* the impairment limits or is perceived to limit a major life activity." 813 F.3d at 590-91 (citations omitted). Here, Plaintiff plausibly alleges that Defendant believed that he suffered from a physical ailment. The therapist repeatedly characterized Plaintiff's discharge from the military as a "medical discharge," inferring that he left the military due to an injury. Compl. ¶ 16. Additionally, the therapist questioning whether Plaintiff's antidepressants were working creates the inference that the therapist believed that Plaintiff was mentally impaired. *Id.* ¶¶ 18, 24. Plaintiff has sufficiently pleaded that he had a disability under this definition.

*ii. Qualified Individual*

Defendant argues that Plaintiff cannot be a qualified individual because Plaintiff admits he did not meet all of Defendant's job requirements and because Plaintiff does not identify a reasonable accommodation that would have enabled him to meet those requirements. Mot. 12-13, 16. A qualified individual is someone who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual . . . desires." 42 U.S.C. § 12111(8). The Fifth Circuit asks two questions to determine if someone is a qualified individual. First, a court must determine whether the individual "could perform the essential

8

functions of the job in spite of [his] disability." *Moss v. Harris Cnty. Constable Precinct One*, 851 F.3d 413, 417 (5th Cir. 2017) (alteration in original) (quoting *E.E.O.C.*, 773. F.3d at 697). Second, if the court concludes the individual cannot perform those essential functions, it must determine whether "a reasonable accommodation of [his] disability would have enabled [him] to perform the essential functions of the job." *Id.* (alterations in original). Plaintiff has not alleged facts to answer either question in the affirmative.

Plaintiff has not plausibly alleged that he can perform the essential functions of a City of Dallas peace officer. A function is essential if it bears "more than a marginal relationship" to the individual's desired job. *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 342 (5th Cir. 2019) (quoting *Cannon*, 813 F.3d at 592). "Consideration shall be given to the employer's judgment as to what functions of a job are essential[.]" 42 U.S.C. § 12111(8). According to Plaintiff, he could perform the essential functions of the position because he passed certain tests, like the physical exam and interview. Compl. ¶¶ 10-12; Resp. 14. But Plaintiff admits that he did not pass every pre-employment exam. In the Complaint, Plaintiff concedes that he failed the psychological exam. Compl. ¶ 25. Plaintiff has therefore failed to plead sufficient facts to show he could perform the essential functions of a Dallas peace officer. *See Atterberry v. City of Laurel*, No. 2:09-CV-00172-KS-MTP, 2010 WL 2545412, at *3-4 (S.D. Miss. June 18, 2010) (holding that the plaintiff was not a qualified individual because he did not pass an exam that was "a prerequisite for th[e] position"), *aff'd*, 401 F. App'x 869 (5th Cir. 2010).

Having determined that Plaintiff could not perform the essential functions of the job he desired, the Court must analyze whether Plaintiff pleaded sufficient facts to show that a reasonable accommodation could have enabled him to perform those essential functions. He does not. Plaintiff

9

has not alleged what accommodation, if any, might suffice.[5] Therefore, he has not sufficiently pleaded that he is a qualified individual under the ADA.

### iii. Adverse Employment Decision Due to Disability

Citing *Teague v. Williamson County*, No. 1:18-CV-1098-RP, 2020 WL 2542869 (W.D. Tex. May 19, 2020), Defendant argues that the Complaint supports the inference that Plaintiff was dismissed for failing the psychological exam, not because of a disability. Mot. 14. In *Teague*, a police department refused to hire the plaintiff after she lied on her application about having psychological conditions. 2020 WL 2542869, at *10. The court found insufficient allegations to infer that the police department declined to hire the plaintiff due to her psychological conditions as opposed to her lying on the application. *Id.* The Complaint here suffers from the same defect. Plaintiff alleges that he was not hired after failing a pre-employment psychological exam. Compl. ¶¶ 25-26. Plaintiff alleges only in conclusory fashion that Defendant decided not to hire Plaintiff because of his disability. *Id.* Based on Plaintiff's allegations, the Court, like the *Teague* court, concludes that Plaintiff was not hired due to failing a required exam, not because he had a disability.

Because Plaintiff has not sufficiently pleaded that he was a qualified individual or was not hired due to his disability, the Court concludes that Plaintiff has not sufficiently pleaded his ADA claim.

### C. Title VII Claim

Finally, Plaintiff brings a claim under Title VII, which makes it unlawful for an employer to refuse to hire an individual because of his national origin. 42 U.S.C. § 2000e-2(a)(1). Similar to an ADA claim, a plaintiff alleging employment discrimination under Title VII must either allege

---

[5] To the extent Plaintiff brings a failure to accommodate claim, it fails for the same reason.

direct evidence of discrimination or proceed under the *McDonnell Douglas* burden-shifting framework. *Johnson v. Iberia Med. Ctr. Found.*, No. 6:21-CV-03769, 2023 WL 1090167, at *3 (W.D. La. Jan. 27, 2023) (citing *Cardiel v. Apache Corp.*, 559 F. App'x 284, 288 (5th Cir. 2014)), *aff'd*, No. 23-30159, 2023 WL 7703872 (5th Cir. Nov. 15, 2023). Plaintiff presents no direct evidence of discrimination due to national origin. As stated previously, a plaintiff need not establish a prima facie case of discrimination at the motion to dismiss stage. *Chhim*, 836 F.3d at 470. However, for the same reasons outlined above, the Court will test the viability of Plaintiff's claim through the lens of the prima facie case, which requires a plaintiff to show that he "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) . . . suffered some adverse employment action by the employer; and (4) was replaced by someone outside [his] protected group or was treated less favorably than other similarly situated employees outside the protected group." *Roberson-King v. La. Workforce Comm'n, Off. of Workforce Dev.*, 904 F.3d 377, 381 (5th Cir. 2018) (quoting *Morris v. Town of Independence*, 827 F.3d 396, 400 (5th Cir. 2016)). Defendant focuses on elements two and four, as will the Court. Mot. 17-18.

Plaintiff has not plausibly shown that he was qualified for the job. To be qualified, the applicant must demonstrate that he "meets objective hiring criteria" for the position. *Lopez v. Donahoe*, 94 F. Supp. 3d 845, 855 (S.D. Tex. 2015) (quoting *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 681 (5th Cir. 2001)). To show he is qualified under Title VII, Plaintiff rests on his arguments for why he is qualified under the ADA. *See* Resp. 17. However, as explained above, those arguments are not persuasive. Plaintiff has therefore not sufficiently alleged that he was a qualified individual under Title VII.

Likewise, Plaintiff has not attempted to demonstrate that he was treated less favorably than someone outside his protected group. The Complaint includes no factual allegations that another

applicant applied for the position, let alone that he or she was outside Plaintiff's protected group or was treated more favorably.

Because Plaintiff has not sufficiently pleaded that he is a qualified individual or that another individual was treated better, then the Court finds that Plaintiff has not sufficiently pleaded his Title VII claim.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant City of Dallas's Motion to Dismiss [ECF No. 9]. Because Plaintiff has requested leave to amend his Complaint, *see* Resp. 17-18, and given the Federal Rules of Civil Procedure's liberal policy of allowing amendments to pleadings, the Court **GRANTS** Plaintiff leave to amend his Complaint. Plaintiff must file an amended complaint by **March 11, 2024**. If an amended complaint is not filed within such time, Plaintiff's claims will be dismissed with prejudice.

**SO ORDERED.**

SIGNED February 26, 2024.

_____
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**