# United States District Court

**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JOEL SOL | § |
| | § |
| v. | §      CIVIL ACTION NO. 3:23-CV-0606-S |
| | § |
| CITY OF DALLAS, TEXAS | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant City of Dallas's Motion to Dismiss Plaintiff's First Amended Complaint ("Motion") [ECF No. 30]. The Court has reviewed the Motion, Plaintiff Joel Sol's Response in Opposition to Defendant's Motion ("Response") [ECF No. 31], Defendant's Reply Brief in Support of Its Motion [ECF No. 32], and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

## I. BACKGROUND

Plaintiff was honorably discharged from the United States military on or about May 7, 2021. Pl.'s First Am. Compl. ("Amended Complaint") [ECF No. 29] ¶ 8. The Department of Veterans Affairs ("VA") assigned Plaintiff a total disability rating of 100%. *Id.* ¶ 16. Plaintiff applied for a position as a peace officer with Defendant on or about June 22, 2021. *Id.* ¶ 9. Plaintiff met the initial requirements for the job, successfully completed the physical test, and passed the interview and polygraph portions of the hiring process. *Id.* ¶¶ 10-12.

Plaintiff was interviewed by a therapist as part of the hiring process. *Id.* ¶ 14. The therapist asked Plaintiff about any disabilities or conditions resulting from his military service, and Plaintiff reported his total disability rating of 100%. *Id.* ¶ 16. Plaintiff alleges that, despite his explanation to the therapist that he could work effectively if he continued to receive treatment, the therapist incorrectly interpreted this disability rating as meaning he could not work. *Id.* ¶ 17. According to

Plaintiff, the therapist assumed that Plaintiff was unfit to be a peace officer due to his disability rating. *Id.* ¶ 18.

The Amended Complaint details a discussion with the therapist about Plaintiff's medications. *Id.* ¶¶ 19-20. Plaintiff had previously been diagnosed with anxiety disorder and depression, and he informed the therapist that he was taking anti-depressants. *Id.* ¶¶ 19, 21.

Plaintiff also alleges that the therapist said that Plaintiff's written psychological exam score was "too high," indicating untruthfulness, and that he had to take the exam again. *Id.* ¶¶ 22-23. When Plaintiff mentioned that he found some of the words used in the questions confusing, the therapist allegedly inquired about whether Spanish was Plaintiff's first language. *Id.* ¶¶ 23-24. Plaintiff responded that his first language was Spanish, but he was fluent in English. *Id.* ¶ 24. The therapist, according to Plaintiff, assumed that Plaintiff's test score or confusion stemmed from his Puerto Rican background or his ability to speak Spanish. *Id.* Plaintiff maintains that the therapist urged Plaintiff to retake the test in Spanish, saying something along the lines of "I mean if the medications are working, I guess[.]" *Id.* ¶ 25. Plaintiff retook the test, and the therapist gave him a failing score. *Id.* ¶ 26. Defendant did not hire Plaintiff. *Id.* ¶ 27. Although Defendant did not explain why it did not hire Plaintiff, Plaintiff contends that it was because of his nationality and VA disability rating. *Id.* ¶¶ 26-28.

As a result of the foregoing, Plaintiff filed this lawsuit, bringing claims for discrimination based on genetic information in violation of the Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. § 2000ff, et seq., disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and national origin discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. *See* Pl.'s Original Compl. [ECF No. 1] ¶¶ 27-49. Defendant moved to dismiss all of Plaintiff's claims. The Court granted

Defendant's motion but also granted Plaintiff leave to amend his complaint. *See* Mem. Op. & Order ("Dismissal Opinion") [ECF No. 28]. Plaintiff's Amended Complaint drops the GINA claim[1] but retains the ADA and Title VII claims. *See* Am. Compl. ¶¶ 29-50. Defendant moves to dismiss the remaining claims.

## II. LEGAL STANDARD

To defeat a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

## III. ANALYSIS

Defendant asks the Court to dismiss Plaintiff's claims under the ADA and Title VII for failure to state a claim upon which relief can be granted. Plaintiff presents four new allegations

---

[1] Plaintiff refers to GINA in connection with the jurisdictional allegations, but this appears to be an editing error. *See* Am. Compl. ¶ 3.

that were not in his original complaint. First, Plaintiff alleges that he has been diagnosed with major depressive disorder and has a history of treatment for the disorder. Am. Compl. ¶ 15. Plaintiff states that, according to his medical provider, he can effectively work with his major depressive disorder so long as he continues to receive treatment. *Id.* Second, Plaintiff informed the therapist that he could effectively work if he continued treatment. *Id.* ¶ 17. Third, Plaintiff alleges that he was otherwise qualified for the peace officer position and would have passed all prerequisites "had [Defendant] appropriately reviewed Plaintiff's medical documents outlining his ability to perform essential work functions." *Id.* ¶ 28. Fourth, Plaintiff alleges on information and belief that no other applicant was asked about taking the tests in Spanish. *Id.* ¶ 43. The Court concludes that Plaintiff's new allegations do not cure the defects identified in the Dismissal Order.

## A. Americans with Disabilities Act Claim

To establish a prima facie case of discrimination under the ADA,[2] Plaintiff must plead "(1) that he has a disability; (2) that he was qualified for the job; [and] (3) that he was subject to an adverse employment decision on account of his disability." *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014) (alteration in original) (quoting *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999)). The Court previously held that Plaintiff had not sufficiently alleged that he was a qualified individual or was not hired due to his disability. *See* Dismissal Op. 8-10. The Court reanalyzes both defects with Plaintiff's new allegations in mind.

A qualified individual is someone who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual . . . desires." 42 U.S.C. §12111(8). As explained in the Dismissal Opinion, Plaintiff must plausibly allege that he

---

[2] The Amended Complaint does not add direct evidence of discrimination. Therefore, for both claims the Court proceeds under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See* Dismissal Op. 5-7, 10-11.

4

could perform the essential functions of a peace officer or, if he cannot, plausibly allege that he could perform those functions with reasonable accommodations. *See* Dismissal Op. 8-9 (quoting *Moss v. Harris Cnty. Constable Precinct One*, 851 F.3d 413, 417 (5th Cir. 2017)).

Plaintiff's new allegations do not establish that he could perform the essential functions of a peace officer with or without reasonable accommodations. The Court previously found Plaintiff's allegations that "he could perform the essential functions of the position because he passed certain tests, like the physical exam and interview" were insufficient because "Plaintiff admits that he did not pass every pre-employment exam." *Id.* at 9. Plaintiff attempts to cure this deficiency with conclusory allegations that he was "otherwise qualified" and "would have passed all requisites for employment . . . had [Defendant] appropriately reviewed Plaintiff's medical documents." Am. Compl. ¶ 28. However, Plaintiff reaffirms that he did not pass all prerequisites for employment. *See, e.g., id.* ¶ 26 (stating that Plaintiff failed the psychological exam). To be qualified, a prospective employee must "meet[] the necessary prerequisites for the job."[3] *E.E.O.C. v. Steel Painters LLC*, 433 F. Supp. 3d 989, 1002 (E.D. Tex. 2020) (quoting *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 810 n.14 (5th Cir. 1997)). Because Plaintiff affirmatively alleges that he failed a requisite test for employment, the Court finds that he did not qualify for the position. *See Atterberry v. City of Laurel*, No. 2:09-CV-00172-KS-MTP, 2010 WL 2545412, at *3-4 (S.D. Miss. June 18, 2010) (holding that the plaintiff was not a qualified individual because he did not pass an exam that was "a prerequisite for th[e] position"), *aff'd*, 401 F. App'x 869 (5th Cir. 2010); *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, No. 3:15-CV-2766-L, 2017 WL 5177118, at *6 (N.D. Tex.

---

[3] "[C]onsideration shall be given to the employer's judgment as to what functions of a job are essential." 42 U.S.C. § 12111(8). It is Defendant's position that passing the psychological exam is an essential function of being a peace officer. Mot. 11-12. Plaintiff does not refute this argument. *See generally* Resp.

5

Nov. 8, 2017) ("The court is aware of no authority that requires a prospective employer to accept a person for a position who does not meet all minimum qualifications.").

Having found that Plaintiff does not plausibly allege that he could perform the essential functions of a peace officer without reasonable accommodations, the Court turns to whether Plaintiff plausibly alleges that he could perform those functions with reasonable accommodations. Plaintiff argues that he informed the therapist that with an accommodation of "continu[ing] to receive treatment," he could "work effectively." Resp. 15 (quoting Am. Compl. ¶ 17). This allegation is insufficient for three reasons.[4] First, Plaintiff alleges the wrong standard. Plaintiff must allege that he can perform the essential duties of a peace officer, which are duties that bear "more than a marginal relationship" to the job. *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 342 (5th Cir. 2019) (citation omitted). A claim of working effectively with no additional context is not an allegation that Plaintiff can perform the essential functions of a peace officer.

Second, Plaintiff alleges no facts about the reasonableness of his requested accommodation. A request for accommodation under the ADA must be reasonable. *See Toronka v. Cont'l Airlines, Inc.*, 411 F. App'x 719, 724 (5th Cir. 2011) (explaining that an employer is not required to make unreasonable accommodations); *Martin v. St. Luke's Episcopal Hosp.*, No. H-13-0718, 2014 WL 4810303, at *11 (S.D. Tex. Sept. 23, 2014) ("The requested accommodation must be reasonable."). Here, Plaintiff has not alleged any information indicating what his continuing treatment would entail, and thus the Court cannot infer that the accommodation would be reasonable.

Last, being able to work effectively does not mean that Plaintiff could pass the required psychological exam. A reasonable accommodation must enable the prospective employee to

---

[4] To the extent Plaintiff brings a failure to accommodate claim, it fails for the same reasons.

6

"perform the essential functions of the employment position." 42 U.S.C. § 12111(8). As discussed above, an essential function of the peace officer position is passing the psychological exam. Plaintiff's claim that he can work effectively says nothing about whether he can pass the requisite psychological exam. Rather, Plaintiff pleaded that he was already receiving the treatment when he took the psychological exam, which indicates that his accommodation would not help him pass the exam. *See* Am. Compl. ¶ 15 ("In fact, his medical provider indicated that Plaintiff could effectively work as long as he received treatment, which is what Plaintiff had been doing."). Therefore, Plaintiff does not sufficiently allege that his proposed accommodation would enable him to perform the essential functions of a peace officer.

Plaintiff's new allegations also do not establish the third element of a disability discrimination claim—that the adverse employment decision was due to his disability. The Court previously analogized this case to *Teague v. Williamson County*, No. 1:18-CV-1098-RP, 2020 WL 2542869 (W.D. Tex. May 19, 2020), in concluding that Defendant's decision to not hire Plaintiff was due to his failing a required exam. *See* Dismissal Op. 10. Plaintiff argues that *Teague* is distinguishable because Plaintiff did not lie about his condition, Defendant never explained why it did not hire Plaintiff, and the rationale of *Teague* is limited to its facts. Resp. 16. Plaintiff's arguments are unavailing because *Teague* is not binding precedent, but rather an example of the steps the Court must take in analyzing a similar set of facts. Like the court in *Teague*, the Court considers what reasonable inferences can be drawn from the allegations about why Plaintiff was not hired. *See Teague*, 2020 WL 2542869, at \*10 (citing *Neely v. PSEG Texas, Ltd. P'ship*, 735 F.3d 242, 245 (5th Cir. 2013), for the proposition that a plaintiff must allege facts to allow the court to reasonably infer why the plaintiff was not hired). Plaintiff's conclusory allegation that he was not hired due to his disability notwithstanding, the inference the Court draws from Plaintiff's

7

allegations is that he was not hired due to failing a required exam, and he failed the required exam because he gave answers that "indicated untruthfulness" and he did not understand some of the words used in the test. Am. Compl. ¶¶ 22-23. None of Plaintiff's new allegations change this conclusion. Accordingly, the Court finds that Plaintiff has not sufficiently alleged that the adverse employment decision was due to his disability.

Because Plaintiff has not sufficiently pleaded that he was a qualified individual or that he was not hired due to his disability, he has not sufficiently pleaded his ADA claim.

### B. Title VII Claim

To establish a prima facie claim under Title VII, a plaintiff must show that he "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) . . . suffered some adverse employment action by the employer; and (4) was replaced by someone outside [his] protected group or was treated less favorably than other similarly situated employees outside the protected group." *Roberson-King v. La. Workforce Comm'n, Off. of Workforce Dev.*, 904 F.3d 377, 381 (5th Cir. 2018) (quoting *Morris v. Town of Independence*, 827 F.3d 396, 400 (5th Cir. 2016)). The Court previously held that Plaintiff had not sufficiently alleged that he was qualified for the position or that he was treated less favorably than someone outside his protected group. *See* Dismissal Op. 11-12. Plaintiff rests on his ADA arguments for why he is qualified, Resp. 18, which the Court has already found to be insufficient. Plaintiff has therefore not sufficiently alleged that he was a qualified individual under Title VII. *See Lopez v. Donahoe*, 94 F. Supp. 3d 845, 855 (S.D. Tex. 2015) (noting that a qualified individual under Title VII "must demonstrate that he meets objective hiring criteria at the *prima facie* case stage" (citation omitted)).

Plaintiff also fails to cure the defect in his pleadings regarding disparate treatment. The Court previously found that the original complaint "include[d] no factual allegations that another

8

applicant applied for the position, let alone that he or she was outside Plaintiff's protected group or was treated more favorably." Dismissal Op. 11-12. Plaintiff now alleges, on information and belief, that "no other applicant was asked about taking the tests in Spanish, as opposed to English." Am. Compl. ¶ 43. However, Plaintiff does not allege whether the other applicants were in his protected group or similarly situated. To make a prima facie case under Title VII, a plaintiff must allege that he was treated less favorably than "other similarly situated employees outside the protected group." *Roberson-King*, 904 F.3d at 381 (citation omitted). The Court cannot infer whether other applicants were in the same protected group or similarly situated, thus Plaintiff's pleading is insufficient.

Plaintiff also argues that the correct standard is not whether someone else was treated differently, but instead "whether the employer continued to seek applications from persons of the complainant's qualifications." Resp. 18-19 (citing *Young v. United Parcel Service, Inc.*, 575 U.S. 206, 213 (2015)). Plaintiff then states that "[o]n information and belief, no other applicants were told their exam scores were 'too high' and indicative of untruthfulness." *Id.* at 19. The Court need not determine whether Plaintiff's argument is correct because he does not plead any facts to support it. The Amended Complaint does not allege that Defendant continued to seek applications from people with similar qualifications after rejecting Plaintiff, nor does Plaintiff's new allegation in the Response claim this.[5] Therefore, Plaintiff does not plead any facts to support a claim under *Young*.

---

[5] To the extent Plaintiff raises allegations in the Response that are not in the Amended Complaint, the Court will not consider them. *Obinyan v. Prime Therapeutics LLC*, No. 3:18-CV-0933-D, 2019 WL 5647955, at *3 (N.D. Tex. Oct. 31, 2019) (citation omitted).

9

Because Plaintiff has not sufficiently pleaded that he is a qualified individual, that another individual was treated differently, or that Defendant continued to seek applications, the Court finds that Plaintiff has not sufficiently pleaded his Title VII claim.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant City of Dallas's Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 30]. Because the Court has already granted leave to amend once and Plaintiff does not seek leave to amend again, the Court concludes that Plaintiff has presented his best case and that further leave is not warranted. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citation omitted). Accordingly, this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

SIGNED June 26, 2024.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**